IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

OSMAN RAMOS-VERLA,

Petitioner,

v.

TODD BLANCHE, in his official capacity as Attorney General of the United States; DAVID VENTURELLA, in his official capacity as Acting Director, Immigration and Customs Enforcement;[1] ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; and DEPARTMENT OF HOMELAND SECURITY,

Respondents.

**8:26CV551**

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Osman Ramos-Verla's ("Ramos-Verla") Petition for Writ of Habeas Corpus (Filing No. 1) pursuant to 28 U.S.C. § 2241. Ramos-Verla names as respondents Todd Blanche, Attorney General of the United States; David Venturella, Acting Director of ICE; Rob Jeffreys, Director of Nebraska Department of Corrections; and the United States Department of Homeland Security (collectively, the "respondents").

Ramos-Verla, currently detained in McCook, Nebraska, does not have United States citizenship and entered the United States without inspection. Those are about the only facts the Court can glean from his petition. He entered the United States at an "unknown location" and "at an unknown date." It is not even clear from the petition where Ramos-Verla is from. In his "statement of facts" he states he is "a citizen of Mexico," but

[1]David Venturella should be substituted for Todd Lyons as Acting Director of the United States Immigration and Customs Enforcement ("ICE"). The Clerk of Court is directed to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

simultaneously states that during his jail interview, he "stated he is a citizen and national of Guatemala." Yet on the single page of immigration paperwork attached to his petition (page 3 of 4 from a "Form I-831"), Honduras is identified as his country of citizenship. That record makes no reference of Mexico or Guatemala.[2]

On September 5, 2026, ICE apprehended him after he was arrested by local police in Hastings, Nebraska, for driving under a revoked license.[3] Ramos-Verla's petition is denied because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and detention during his removal proceedings does not violate his due-process rights under the Fifth Amendment.

## I. DISCUSSION

### A. Habeas Corpus

The Court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Rasul v. Bush*, 542 U.S. 466, 473, 483 (2004). Because Ramos-Verla is reportedly detained within the geographical boundaries of this district, this Court possesses jurisdiction. *See* 28 U.S.C. § 2241(a).

While 28 U.S.C. § 2243 generally requires the Court to order a petitioner's immediate physical custodian to "show cause why the writ should not be granted," it need not do so if "it appears from the application that [Ramos-Verla] is not entitled" to relief. 28 U.S.C. § 2243. Here, the petition fails on its face because it appears from the application that he is not. *See id.*

### B. Mandatory Detention

Ramos-Verla argues that 8 U.S.C. § 1225(b)(2)'s mandatory-detention provision does not apply to him. Binding authority from the Eighth Circuit says otherwise. *See*

---

[2]That record also identifies him as Ramos-*Varela*, but the Court will use the name in his petition—Ramos-Verla.

[3]He has a previous conviction for driving under the influence and without a license in Hastings, Nebraska, from March 27, 2013 (Filing No. 1).

*Avila v. Bondi*, 170 F.4th 1128, 1136-38 (8th Cir. 2026) (holding that aliens who are "applicants for admission" under 8 U.S.C. § 1225(a) are also "seeking admission" and thus subject to mandatory detention under § 1225(b)(2)). Because he entered the United States without inspection, he remains an "applicant for admission" and § 1225(b)(2) mandates his detention. *See id.*

**C. Procedural and Substantive Due Process**

As this Court has previously held, mandatory detention of certain categories of aliens (such as those present without inspection like Ramos-Verla) without a bond hearing does not violate due process. *See Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *2-5 (D. Neb. Apr. 8, 2026) (citing *Demore v. Kim*, 538 U.S. 510, 526 (2003), *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024), and *Carlson v. Landon*, 342 U.S. 524, 538 (1952)). An alien may be detained without violating due process even if the alien is neither dangerous nor a flight risk. *See Mendez Leiva*, 2026 WL 948430, at *2-5 (citing *Demore*, 538 U.S. at 524-25, 531). Ramos-Verla's detention does not violate the Fifth Amendment's substantive- or procedural-due-process requirements.

For the aforementioned reasons, Petitioner Osman Ramos-Verla's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in its entirety. This case is dismissed. A separate judgment will issue.

IT IS SO ORDERED.

Dated this 22nd day of September 2026.

BY THE COURT:



Robert F. Rossiter, Jr.
United States District Judge